Reese, J.
delivered the opinion of the court.
This case was brought to the Circuit Court, by the petition of defendant for writs of certiorari and supersedeas, for the purpose of having an execution quashed, which had been issued against him.
The ground of the proceeding was, that the testator of defendant in error, had obtained a judgment against Jenkins, the maker, and the plaintiff in error, and another, the endorsers of a bill single, for the amount thereof. An execution issued upon this judgment, which the sheriff was required by law to satisfy out of the property of Jenkins, the maker of the bill single, and he accordingly levied the same upon the property of Jenkins, of value sufficient to satisfy the execution. This property was personal, to wit, slaves; and there not being time for the sheriff to advertise and sell, he returned that fact, together with the levy, to the court, according to the exigency of the writ. But *274 at the time of the levy, the said Jenkins claimed his right to retain the possession of the property, and gave his bond with security for the forthcoming of the property at a time designated in the bond, which time was subsequent to the then coming term of the Circuit Court. In this bond the plaintiff in error was one of the sureties. The property was delivered at the time designated. An alias fi. fa. .thereupon was issued, levied upon it, and a new forthcomingbond given, in which the plaintiff in error was not one of the sureties. This bond was forfeited, a pluries fi. fa. issued, and Jenkins filed a bill, and obtained an injunction, on giving surety, to enjoin said execution. Another execution having at length issued, against the plaintiff in error, and others, he has filed his petition in this case, setting forth the above facts.
In the Circuit Court, the plaintiff in error moved to quash the execution. The defendant in error moved to discharge the su-persedeas. The motion of the plaintiff in error was overruled; that of defendant made absolute, and judgment accordingly; and an appeal to this court.
Here the argument has been mainly upon the effect and validity of the first forthcoming bond. It js conceded by the counsel of the defendant in error, that if that bond be statutory, the levy and bond will operate to discharge the liability of the plaintiff in error, as created by the judgment, and that the execution in question should, in that case, be quashed.
The bond in question is supposed not to be statutory, because, being taken before the term of the Circuit Court to which the process was returnable, it designated, in its condition, a time for the delivery of the property levied on, subsequent to such term.
We do not perceive how this circumstance should make doubtful, the statutory validity of the bond.
It is the right, by law, of the defendant, whose personal property is levied on by execution, to give a forthcoming bond, and thus retain its possession till the day of sale. It is the duty of the sheriff to take such bond when offered; he dare not refuse it; and if there be not time to sell before the return of the process, he may designate a time beyond the term.
*275 We are not aware of any statute to prevent it. The sheriff having the property in his possession, may make a sale under such circu mstances, after the court by virtue of the levy — when he levies and takes bond, he may do the same. But if the forthcoming bond were not statutory, the levy would, nevertheless, satisfy the judgment.
Upon these grounds, we reverse the judgment of the court below, and order the execution to be quashed.